# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ MONROE _____ County

Monroe County Prothonotary Filed May 05, 2022 9:12 AM

| For Prothonotary Use Only: |
|---|
| Docket No: 2669 CV2022 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Thomas Sesso | Lead Defendant's Name: Kalahari Management Co., LLC |
|---|---|

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes [x] No

**Is this an MDJ Appeal?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Timothy G. Lenahan, Esquire

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [x] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations
- [ ] Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

Monroe County Prothonotary Filed May 05, 2022 9:12 AM

**LENAHAN & DEMPSEY, P.C.**
By: Timothy G. Lenahan, Esquire
I.D. No. 33939
By: John R. Lenahan, III, Esquire
I.D. No. 329253
Lenahan & Dempsey Professional Building
116 N. Washington Ave., Suite 400
P.O. Box 234
Scranton, PA 18501-0234
Telephone: (570) 346-2097
Facsimile: (570) 346-1174
Email: TGL@LenahanDempsey.com
       JRL3@LenahanDempsey.com

*Attorneys for Plaintiff*

| | |
|---|---|
| **THOMAS SESSO**<br>506 Pleasant Avenue<br>Scranton, PA 18504<br><br>Plaintiff<br><br>V.<br><br>**KALAHARI MANAGEMENT CO., LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349<br><br>**KALAHARI RESORTS PA, LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349<br><br>**KALAHARI RESORTS, LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349 | IN THE COURT OF COMMON PLEAS<br>OF MONROE COUNTY<br><br><br>CIVIL ACTION -- LAW<br><br><br>JURY TRIAL DEMANDED<br><br><br>NO. 2669 CV2022 |

**KALAHARI DEVELOPMENT, LLC**
1305 Kalahari Dr.
Wisconsin Dells, WI 53965                   :

                                            :

and                                         :

                                            :

c/o Todd Nelson                             :
P.O. Box 590                                :
Wisconsin Dells, WI 53965-0590              :

                                            :

and                                         :

                                            :

250 Kalahari Blvd.                          :
Pocono Manor, PA 18349                      :

**KR ACQUISITIONS, LLC**                    :
c/o InCorp Services, Inc.                   :
815 Brazos, STE 500                         :
Austin, TX 78701-0000                       :

                                            :

and                                         :

                                            :

250 Kalahari Blvd.                          :
Pocono Manor, PA 18349                      :

**KALAHARI HOLDINGS, LLC**                  :
2905 Sackett St.                            :
Houston, TX 77098                           :

                                            :

and                                         :

                                            :

250 Kalahari Blvd.                          :
Pocono Manor, PA 18349                      :

**KALAHARI MANAGEMENT CO., LLC**            :
**a/k/a d/b/a t/a KALAHARI RESORTS &**      :
**CONVENTIONS a/k/a d/b/a t/a**             :
**KALAHARI RESORTS a/k/a d/b/a t/a**        :
**KALAHARI RESORT**                         :
c/o InCorp Services, Inc.                   :
7208 Red Top Rd.                            :
Hummelstown, PA 17036                       :

                                            :

and                                         :

250 Kalahari Blvd.                                    :
Pocono Manor, PA 18349                               :
                                                     :
**KALAHARI RESORTS PA, LLC a/k/a**                   :
**d/b/a t/a KALAHARI RESORTS &**                     :
**CONVENTIONS a/k/a d/b/a t/a**                      :
**KALAHARI RESORTS a/k/a d/b/a t/a**                 :
**KALAHARI RESORT**                                  :
c/o InCorp Services, Inc.                            :
7208 Red Top Rd.                                     :
Hummelstown, PA 17036                                :
                                                     :
                                                     :
and                                                  :
                                                     :
250 Kalahari Blvd.                                   :
Pocono Manor, PA 18349                               :
                                                     :
**KALAHARI RESORTS, LLC a/k/a d/b/a**                :
**t/a KALAHARI RESORTS &**                           :
**CONVENTIONS a/k/a d/b/a t/a**                      :
**KALAHARI RESORTS a/k/a d/b/a t/a**                 :
**KALAHARI RESORT**                                  :
c/o InCorp Services, Inc.                            :
7208 Red Top Rd.                                     :
Hummelstown, PA 17036                                :
                                                     :
and                                                  :
                                                     :
250 Kalahari Blvd.                                   :
Pocono Manor, PA 18349                               :
                                                     :
**KALAHARI DEVELOPMENT, LLC a/k/a**                  :
**d/b/a t/a KALAHARI RESORTS &**                     :
**CONVENTIONS a/k/a d/b/a t/a**                      :
**KALAHARI RESORTS a/k/a d/b/a t/a**                 :
**KALAHARI RESORT**                                  :
1305 Kalahari Dr.                                    :
Wisconsin Dells, WI 53965                            :
                                                     :
and                                                  :
                                                     :
250 Kalahari Blvd.                                   :
Pocono Manor, PA 18349                               :

KR ACQUISITIONS, LLC a/k/a d/b/a t/a    :
KALAHARI RESORTS & CONVENTIONS    :
a/k/a d/b/a t/a KALAHARI RESORTS    :
a/k/a d/b/a t/a KALAHARI RESORT    :
c/o InCorp Services, Inc.    :
815 Brazos, STE 500    :
Austin, TX 78701-0000    :
                                              :
                                              :
and    :
                                              :
250 Kalahari Blvd.    :
Pocono Manor, PA 18349    :
                                              :
KALAHARI HOLDINGS, LLC a/k/a d/b/a    :
t/a KALAHARI RESORTS &    :
CONVENTIONS a/k/a d/b/a t/a    :
KALAHARI RESORTS a/k/a d/b/a t/a    :
KALAHARI RESORT    :
2905 Sackett St.    :
Houston, TX 77098    :
                                              :
and    :
                                              :
250 Kalahari Blvd.    :
Pocono Manor, PA 18349    :
                                              :
                                              :
          Defendants    :

## NOTICE

    YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED.  BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Monroe County Bar Association
Find a Lawyer Program
913 Main Street
Stroudsburg, Pennsylvania  18360
Telephone (570) 424-7288
Fax (570) 424-8234

LENAHAN & DEMPSEY, P.C.

By _____
Timothy G. Lenahan, Esquire
Attorney for Plaintiff

**LENAHAN & DEMPSEY, P.C.**
By: Timothy G. Lenahan, Esquire
I.D. No.: 33939
By: John R. Lenahan, III. Esquire
I.D. No.: 329253
Lenahan & Dempsey Professional Building
116 N. Washington Ave., Suite 400
P.O. Box 234
Scranton, PA 18501-0234
Telephone: (570) 346-2097
Facsimile: (570) 346-1174
Email: TGL@LenahanDempsey.com
        JRL3@LenahanDempsey.com

*Attorneys for Plaintiff*

| | |
|---|---|
| **THOMAS SESSO**<br>506 Pleasant Avenue<br>Scranton, PA 18504<br><br>Plaintiff<br><br>v.<br><br>**KALAHARI MANAGEMENT CO., LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349<br><br>**KALAHARI RESORTS PA, LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349<br><br>**KALAHARI RESORTS, LLC**<br>c/o InCorp Services, Inc.<br>7208 Red Top Rd.<br>Hummelstown, PA 17036<br><br>and<br><br>250 Kalahari Blvd.<br>Pocono Manor, PA 18349 | IN THE COURT OF COMMON PLEAS<br>OF MONROE COUNTY<br><br><br>CIVIL ACTION – LAW<br><br><br>JURY TRIAL DEMANDED<br><br><br>NO. |

1

**KALAHARI DEVELOPMENT, LLC**
1305 Kalahari Dr.
Wisconsin Dells, WI 53965

and

c/o Todd Nelson
P.O. Box 590
Wisconsin Dells, WI 53965-0590

and

250 Kalahari Blvd.
Pocono Manor, PA 18349

**KR ACQUISITIONS, LLC**
c/o InCorp Services, Inc.
815 Brazos, STE 500
Austin, TX 78701-0000

and

250 Kalahari Blvd.
Pocono Manor, PA 18349

**KALAHARI HOLDINGS, LLC**
2905 Sackett St.
Houston, TX 77098

and

250 Kalahari Blvd.
Pocono Manor, PA 18349

**KALAHARI MANAGEMENT CO., LLC**
**a/k/a d/b/a t/a KALAHARI RESORTS &**
**CONVENTIONS a/k/a d/b/a t/a**
**KALAHARI RESORTS a/k/a d/b/a t/a**
**KALAHARI RESORT**
c/o InCorp Services, Inc.
7208 Red Top Rd.
Hummelstown, PA 17036

and

2

250 Kalahari Blvd.                                              :
Pocono Manor, PA 18349                                         :

**KALAHARI RESORTS PA, LLC a/k/a**                            :
**d/b/a t/a KALAHARI RESORTS &**                              :
**CONVENTIONS a/k/a d/b/a t/a**                               :
**KALAHARI RESORTS a/k/a d/b/a t/a**                          :
**KALAHARI RESORT**                                           :
c/o InCorp Services, Inc.                                      :
7208 Red Top Rd.                                              :
Hummelstown, PA 17036                                         :
                                                              :
and                                                           :
                                                              :
250 Kalahari Blvd.                                            :
Pocono Manor, PA 18349                                        :

**KALAHARI RESORTS, LLC a/k/a d/b/a**                        :
**t/a KALAHARI RESORTS &**                                    :
**CONVENTIONS a/k/a d/b/a t/a**                               :
**KALAHARI RESORTS a/k/a d/b/a t/a**                          :
**KALAHARI RESORT**                                           :
c/o InCorp Services, Inc.                                      :
7208 Red Top Rd.                                              :
Hummelstown, PA 17036                                         :
                                                              :
and                                                           :
                                                              :
250 Kalahari Blvd.                                            :
Pocono Manor, PA 18349                                        :

**KALAHARI DEVELOPMENT, LLC a/k/a**                          :
**d/b/a t/a KALAHARI RESORTS &**                              :
**CONVENTIONS a/k/a d/b/a t/a**                               :
**KALAHARI RESORTS a/k/a d/b/a t/a**                          :
**KALAHARI RESORT**                                           :
1305 Kalahari Dr.                                             :
Wisconsin Dells, WI 53965                                     :
                                                              :
and                                                           :
                                                              :
250 Kalahari Blvd.                                            :
Pocono Manor, PA 18349                                        :

3

KR ACQUISITIONS, LLC a/k/a d/b/a t/a
KALAHARI RESORTS & CONVENTIONS
a/k/a d/b/a t/a KALAHARI RESORTS
a/k/a d/b/a t/a KALAHARI RESORT
c/o InCorp Services, Inc.
815 Brazos, STE 500
Austin, TX 78701-0000

and

250 Kalahari Blvd.
Pocono Manor, PA 18349

KALAHARI HOLDINGS, LLC a/k/a d/b/a
t/a KALAHARI RESORTS &
CONVENTIONS a/k/a d/b/a t/a
KALAHARI RESORTS a/k/a d/b/a t/a
KALAHARI RESORT
2905 Sackett St.
Houston, TX 77098

and

250 Kalahari Blvd.
Pocono Manor, PA 18349

       Defendants

2669 CV2022

## COMPLAINT

COMES NOW, Plaintiff, Thomas Sesso, by and through his attorneys, Lenahan &
Dempsey, P.C., by Timothy G. Lenahan, Esquire, and John R. Lenahan, III, Esquire, and
hereby files the instant Complaint against Defendants, Kalahari Management Co., LLC;
Kalahari Resorts PA, LLC; Kalahari Resorts, LLC; Kalahari Development, LLC; KR
Acquisitions, LLC, Kalahari Holdings, LLC; Kalahari Management Co. a/k/a d/b/a t/a
Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari
Resort; Kalahari Resorts PA, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a
d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts, LLC a/k/a d/b/a

t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari

Resort; Kalahari Development, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a

d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; KR Acquisitions, LLC a/k/a d/b/a

t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari

Resort; and Kalahari Holdings, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a

d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, and in support thereof alleges

and avers as follows:

      1.     Plaintiff, Thomas Sesso ("Plaintiff"), is an adult, competent individual residing

at 506 Pleasant Avenue, Scranton, Pennsylvania 18504.

      2.     Upon information and belief, Defendant, Kalahari Management Co., LLC, is

a limited liability company or other business entity organized and existing under the laws

of the State of Wisconsin which is authorized to do business in the Commonwealth of

Pennsylvania and regularly conducts business in Monroe County with a business address

and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania

18349.

      3.     Upon information and belief, Defendant, Kalahari Resorts PA, LLC, is a

limited liability company or other business entity organized and existing under the laws of

the State of Delaware which is authorized to do business in the Commonwealth of

Pennsylvania and regularly conducts business in Monroe County with a business address

and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania

18349.

      4.     Upon information and belief, Defendant, Kalahari Resorts, LLC, is a limited

liability company or other business entity organized and existing under the laws of the

State of Delaware which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

5.      Upon information and belief, Defendant, Kalahari Development, LLC, is a limited liability company or other business entity organized and existing under the laws of the State of Wisconsin which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

6.      Upon information and belief, Defendant, KR Acquisitions, LLC, is a limited liability company or other business entity organized and existing under the laws of the State of Delaware which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

7.      Upon information and belief, Defendant, Kalahari Holdings, LLC, is a limited liability company or other business entity organized and existing under the laws of the State of Texas which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

8.      Upon information and belief, Defendant, Kalahari Management Co., LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a

6

t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Wisconsin which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

9.    Upon information and belief, Defendant, Kalahari Resorts PA, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Delaware which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

10.    Upon information and belief, Defendant, Kalahari Resorts, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Delaware which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

11.    Upon information and belief, Defendant, Kalahari Development, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Wisconsin which is authorized to do business in

7

the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

12.    Upon information and belief, Defendant, KR Acquisitions, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Delaware which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

13.    Upon information and belief, Defendant, Kalahari Holdings, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, is a limited liability company or other business entity organized and existing under the laws of the State of Texas which is authorized to do business in the Commonwealth of Pennsylvania and regularly conducts business in Monroe County with a business address and place of business located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349.

14.    At all material times, there was a business known as Kalahari Resorts & Conventions located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349 which involved, *inter alia*, a resort, waterpark and lodging accommodations.

15.    At all material times, Defendants, Kalahari Management Co., LLC; Kalahari Resorts PA, LLC; Kalahari Resorts, LLC; Kalahari Development, LLC; KR Acquisitions, LLC; Kalahari Holdings, LLC; Kalahari Management Co. a/k/a d/b/a t/a Kalahari Resorts

8

& Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts PA, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Development, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; KR Acquisitions, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; and Kalahari Holdings, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort (collectively "Defendants"), owned, leased, controlled, operated, possessed, maintained, managed, occupied and/or otherwise were responsible individually, jointly and severally for the business premises located at 250 Kalahari Boulevard, Pocono Manor, Pennsylvania 18349 (the "Premises"). Therefore, at all material times, Defendants were individually, jointly and severally legally responsible for the real property and business operations at and on the Premises.

16.     The instant cause of action accrued and Plaintiff's injuries occurred in Monroe County. Defendants regularly conduct business in Monroe County. Therefore, venue is proper in the Court of Common Pleas of Monroe County.

17.     At all material times, Defendants were individually, jointly and severally legally responsible for the care, cleaning, condition, inspection, integrity, management, operation, quality, repair, safety, supervision and upkeep of the Premises including floors, walkways and walking surfaces on the Premises.

18.     At all material times, Defendants were individually, jointly and severally legally responsible for the safety of their customers, guests, patrons and business invitees

9

with respect to the care, cleaning, condition, inspection, integrity, management, operation, quality, repair, safety, supervision and upkeep of the Premises including floors, walkways and walking surfaces on the Premises.

19.     At all material times, Defendants acted by and through their individual agents, ostensible agents, servants, workers and/or employees. At all material times, these individuals acted and/or failed to act within the course and scope of their agency, service, work and/or employment with/for Defendants. Therefore, Defendants are legally responsible -- individually, jointly and severally and/or vicariously -- for the careless and negligent actions and inactions of their individual agents, ostensible agents, servants, workers and/or employees under the principles of *respondeat superior*, master-servant, agency and/or vicarious liability.

20.     At all material times, the Premises was open to the public to do business.

21.     At all material times, Plaintiff was lawfully on the Premises as a business invitee invited by Defendants to enter and remain on the Premises as Defendants' customer, guest and patron in direct furtherance of Defendants' business dealings.

22.     Because Plaintiff was Defendants' business invitee, Defendants owed Plaintiff the highest duty of care.

23.     At all material times, Defendants had the duty to use reasonable care to protect Plaintiff from hazards on the Premises about which Defendants knew or should have known through the exercise of reasonable diligence including wet and slippery floors, walkways and walking surfaces.

10

24.     At all material times, Defendants had the duty to maintain the Premises including keeping the floors, walkways and walking surfaces in the lobby of the Premises dry and free from dangerous, wet and slippery accumulations/pools of water.

25.     At all material times, Defendants had the duty to inspect the Premises to timely discover and remedy any dangerous, defective or hazardous conditions on the Premises posing a foreseeable slip and fall hazard to Plaintiff – an anticipated business invitee foreseeably walking about the Premises – including wet and slippery floors, walkways and walking surfaces.

26.     At all material times, Defendants had the duty to make safe any dangerous, defective or hazardous conditions on the Premises that posed a foreseeable risk of bodily injury to Plaintiff, Defendants' business invitee.

27.     At all material times, Defendants had the duty to warn Plaintiff of the presence and location of any dangerous, defective or hazardous conditions on the Premises including wet and slippery floors, walkways and walking surfaces.

28.     On June 23, 2021, an unreasonably dangerous, defective and hazardous condition existed on the Premises because Defendants — individually, jointly and severally and/or by and through their agents, ostensible agents, servants, workers and/or employees — carelessly and negligently failed to inspect the Premises and/or otherwise permitted water to accumulate/pool and remain on the floor of the lobby of the Premises.

29.     This accumulation/pool of water caused an unreasonably dangerous, unsafe and hazardous wet and slippery floor condition to exist in the lobby of the Premises on the June 23, 2021 date of loss.

30.    At approximately 4:00 PM on June 23, 2021, following a conversation with Defendants' agent, ostensible agent, servant, worker and/or employee at the check-in counter in the lobby of the Premises during which Plaintiff made scheduling arrangements for an upcoming stay at the Premises, Plaintiff began walking away from the counter and after taking a few steps encountered the aforementioned dangerous accumulation/pool of water on the floor of the lobby on the Premises.

31.    Upon encountering the aforementioned accumulation/pool of water, Plaintiff slipped on the wet lobby floor, twisted his back and right knee and fell to the floor, forcibly striking his right knee, left shoulder and buttocks. Plaintiff was unable to stand and remained on the floor in pain until an EMT responded to his location in the lobby of the Premises.

32.    Plaintiff's June 23, 2021 fall was directly, factually, legally and proximately caused by the hazardous accumulation/pool of water Defendants carelessly and negligently allowed to exist and remain on the floor of the lobby on the Premises.

33.    Although Defendants knew or should have known through reasonable inspection that this dangerous accumulation/pool of water existed on the Premises and created a foreseeable slip and fall hazard threatening serious bodily injury to business invitees traversing the Premises on foot, Defendants failed to take reasonable or timely steps to address, clean, make safe, remedy or warn Plaintiff of this hazard.

34.    Despite Defendants' actual or constructive knowledge of the wet floor conditions in the lobby of the Premises on and/or prior to June 23, 2021, Defendants continued their normal operations and carelessly and negligently failed to clean, dry, fix,

12

remedy, repair and/or remove these foreseeably hazardous conditions for an unreasonable period of time.

35.    Defendants carelessly and negligently failed to inspect the Premises for dangerous, defective or hazardous conditions, thereby failing to discover the dangerous accumulation/pool of water and resulting wet and slippery floor in the lobby of the Premises; alternatively, Defendants inspected, discovered and carelessly and negligently disregarded these dangerous conditions, thereby exposing Plaintiff to the foreseeable slip and fall hazard he encountered on June 23, 2001 and causing Plaintiff to suffer the serious personal injuries set forth, *infra*.

36.    Despite Defendants' actual and/or constructive knowledge of the wet floor and dangerous accumulation/pool of water in the lobby of the Premises on and/or prior to June 23, 2021, Defendants carelessly and negligently failed to warn Plaintiff in any manner, at any time, of these foreseeably hazardous conditions.

37.    Plaintiff suffered serious personal injuries as a result of his June 23, 2021 fall on the Premises including:

      a.    right knee sprain / strain / contusion;

      b.    complex, multi-directional right medial meniscus posterior horn tear;

      c.    large right knee effusion;

      d.    right knee pain, tenderness and swelling;

      e.    right knee bruising;

      f.    right knee decreased range of motion;

      g.    aggravation of right knee osteoarthritis;

      h.    bilateral thigh pain, numbness and tingling;

i.     right lower extremity pain, numbness, paresthesias and weakness;

j.     back pain with radiation into right lower extremity and/or exacerbation thereof;

k.     aggravation of degenerative disc disease and facet degenerative changes;

l.     lumbosacral sprain / strain;

m.     lumbosacral myofascial pain;

n.     lumbosacral pain and tenderness and/or aggravation thereof;

o.     lumbosacral decreased range of motion;

p.     lumbosacral radiculitis and/or radiculopathy;

q.     lumbar spondylosis;

r.     sacroiliac joint pain;

s.     S1 radiculopathy;

t.     thoracic sprain / strain;

u.     thoracic myofascial pain;

v.     thoracic pain and tenderness and/or aggravation thereof;

w.     thoracic decreased range of motion;

x.     bilateral gluteal pain, numbness and tingling;

y.     buttock pain and/or aggravation thereof;

z.     annular fissure and central protrusion at L3-4 and/or aggravation thereof;

aa.     foraminal stenosis at L4-5 and L5-S1 and/or aggravation thereof;

14

bb.   central canal stenosis at L3-4 and/or aggravation thereof;

cc.   right L4-5 spondylosis with facet cyst and/or aggravation thereof;

dd.   osteoarthritis with chondrosis and/or aggravation thereof;

ee.   painful dislodging, movement, malfunctioning and/or loss of function of spinal cord stimulator implant;

ff.   superficial venous thrombosis near location of the aforementioned spinal cord stimulator battery with associated recurring bleeding;

gg.   left shoulder pain and bursitis;

hh.   left shoulder impingement syndrome;

ii.   limping, antalgic gait and gait disturbance;

jj.   sleeplessness, fatigue and insomnia;

kk.   depression and anxiety;

ll.   dread, fear, emotional distress, mental anguish and stress;

mm.   aggravations and/or exacerbations of pre-existing but otherwise asymptomatic conditions;

nn.   diffuse traumatic injuries to the bones, fibers, joints, muscles, nerves, tendons, tissues and/or other parts of Plaintiff's body;

oo.   any and all injuries described, detailed and/or disclosed in the medical charts, records and/or reports of any and all physicians and/or other medical care specialists and/or professionals who have been or will be identified and/or referred to as having conducted, performed, provided and/or

otherwise being involved in the medical care, testing and/or treatment of Plaintiff; and/or

pp. any and all medical conditions described, detailed and/or disclosed in Plaintiff's medical charts, records and/or reports and/or which may develop in the future as a result of the June 23, 2021 fall.

38. As a result of his injuries from the June 23, 2021 fall on the Premises, Plaintiff has undergone a wide range of medical care, treatment, studies and testing including:

a. x-rays;

b. MRIs;

c. EMGs;

d. doctor visits;

e. diagnostic examinations, studies and tests;

f. injection therapy;

g. physical therapy;

h. home exercise program;

i. spinal cord stimulator battery revision surgery;

j. use of cane;

k. use of right knee brace;

l. use of ice;

m. EMT and emergency room care and treatment;

n. use of prescription pain medications and/or other medications; and/or

o. any and all care, testing and/or treatment described, detailed and/or disclosed in the medical charts, records and/or reports of any and all physicians and/or other medical care

16

> specialists and/or professionals who have been
> – or will be – identified and/or referred to as
> having conducted, performed, provided and/or
> otherwise being involved in the medical care,
> testing and/or treatment of Plaintiff.

39.   As a direct, factual, legal and proximate result of Defendants' causal negligence, Plaintiff may or will require medical care, treatment, studies and testing in the future, for which a claim is made.

40.   As a direct, factual, legal and proximate result of Defendants' causal negligence, Plaintiff may or will be responsible for bills, costs and/or out-of-pocket expenses incurred from medical care and treatment for his injuries from the June 23, 2021 fall, for which a claim is made.

41.   As a further direct, factual, legal and proximate result of Defendants' causal negligence, Plaintiff has suffered and will continue to suffer damages and losses including:

    a.   past, present and future pain and suffering;

    b.   past, present and future disability and discomfort;

    c.   past, present and future emotional distress and mental anguish;

    d.   past, present and future embarrassment and humiliation;

    e.   past, present and future medical expenses;

    f.   past, present and future loss of life's pleasures;

    g.   past, present and future wage loss, reduced earning capacity and/or impaired economic horizons;

    h.   past, present and future inability to perform household services; and/or

      i.  past, present and future inability to perform
          activities of daily living.

42.    No actions or inactions on Plaintiff's part in any way caused or contributed to his June 23, 2021 fall on the Premises. At all material times, and specifically on the June 23, 2021 date of loss, Plaintiff acted in an alert, proper, prudent, reasonable and safe fashion.

## COUNT I: NEGLIGENCE

**Plaintiff, Thomas Sesso**

v.

**Defendants, Kalahari Management Co., LLC; Kalahari Resorts PA, LLC; Kalahari Resorts, LLC; Kalahari Development, LLC; KR Acquisitions, LLC; Kalahari Holdings, LLC; Kalahari Management Co. a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts PA, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Development, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; KR Acquisitions, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; and Kalahari Holdings, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort**

43.    Plaintiff incorporates by reference all allegations and averments of this Complaint as if the same were fully set forth herein at length.

44.    At all material times, and specifically on the June 23, 2021 date of loss, Defendants individually, jointly and severally owed Plaintiff the duty to maintain and keep the Premises in a reasonably safe condition; the duty to make safe and protect Plaintiff from dangerous, defective or hazardous conditions on the Premises posing a foreseeable risk of bodily injury; the duty to inspect the premises to timely discover and remedy any

18

such dangerous, defective or hazardous conditions; and/or the duty to warn Plaintiff of the presence and location of any such dangerous, defective or hazardous conditions on the Premises, as detailed, *supra*.

45.    Defendants – individually, jointly and severally and/or by and through their agents, ostensible agents, servants, workers and/or employees – carelessly and negligently breached these legal duties on the June 23, 2021 date of loss by:

      a.  creating, causing and/or permitting unreasonably dangerous wet and slippery floor conditions to exist and remain in the lobby of the Premises, resulting in a foreseeable slip and fall hazard;

      b.  failing to furnish to Plaintiff safe walkways and walking surfaces on the Premises, free of slip and fall hazards which were known or should have been known to Defendants as foreseeably likely to cause serious physical harm to Plaintiff;

      c.  failing to exercise reasonable care or take reasonable precautions to ensure that the Premises was safe and fit for ordinary use by Plaintiff, a foreseeable and anticipated customer, guest, patron and/or business invitee traversing the Premises on foot;

      d.  failing to make reasonable, proper and/or timely efforts to remedy the aforementioned dangerous conditions which Defendant expressly knew, or should have known through the exercise of reasonable care, existed at the time of and/or prior to Plaintiff's June 23, 2021 fall;

      e.  maintaining the Premises in a careless manner that caused an unreasonably dangerous, defective and hazardous condition to exist and remain on the Premises (*to wit*: the aforementioned accumulation/pool of water and wet floor near the check-in counter in the lobby of the Premises, as described, *supra*);

f.  failing to maintain safe floors, floor surfaces, walkways and/or walkway surfaces on the Premises, free of dangerous and foreseeable slip and fall hazards;

g.  failing to perform and/or provide maintenance, inspection and/or repair services and/or duties in a safe, prompt and/or proper fashion so as to avoid creating a slip and fall hazard on the Premises;

h.  failing to properly supervise the lobby area floor, walkways and walking surfaces on the Premises;

i.  failing to maintain the Premises, and specifically the lobby area where Plaintiff's June 23, 2021 fall occurred, in a manner consistent with the reasonable and customary standards of Defendants' industry;

j.  failing to meet minimum industry standards and requirements for providing Plaintiff, Defendants' foreseeable business invitee, with a safe Premises free of dangerous and hazardous conditions posing a risk of severe bodily injury;

k.  failing to properly and/or timely inspect the floor, walkways and/or walking surfaces in the lobby area of the Premises in order to ascertain whether dangerous conditions, wet floors and/or slip and fall hazards existed on the Premises prior to and/or on the June 23, 2021 date of loss;

l.  failing to properly and/or timely recognize and/or discover the aforementioned dangerous accumulation/pool of water and hazardous wet and slippery floor conditions then and there existing in the lobby of the Premises;

m.  carelessly disregarding their duty to maintain, inspect and keep the Premises in a reasonably safe condition for business invitees lawfully traversing the Premises on foot by failing to clean, remedy or remove the dangerous accumulation/pool of water in the lobby of the Premises for an unreasonable period of time;

20

n. failing to warn and/or notify Plaintiff of the presence and/or location of the aforementioned dangerous water accumulation/pool and hazardous wet and slippery floor conditions then and there existing in the lobby area of the Premises;

o. failing to provide, post and/or place adequate, conspicuous and/or effective warnings and/or cues alerting Plaintiff of the presence and/or location of the aforementioned dangerous conditions then and there existing on the Premises including, but not limited to, signage, cones, rope barriers and/or other safety barriers;

p. failing to provide Plaintiff with proper and/or effective visual cues to facilitate hazardous wet floor surface awareness and/or recognition;

q. failing to rope off, cordon off and/or utilize appropriate safety barriers to restrict or prevent Plaintiff's access to the hazardous wet and slippery floor conditions then and there existing on the Premises;

r. failing to hire and/or retain competent agents, ostensible agents, servants, workers and/or employees;

s. failing to exercise reasonable care in controlling, overseeing and/or supervising the work of Defendants' agents, ostensible agents, servants, workers and/or employees;

t. failing to adequately train, supervise, oversee, instruct, control and/or direct the activities of Defendants' agents, ostensible agents, servants, workers and/or employees so as to prevent the creation and/or existence of slip and fall hazards and dangerous wet floor conditions on the Premises;

u. failing to train Defendants' agents, ostensible agents, servants, workers and/or employees to properly and/or timely recognize and remedy slip

and fall hazards and dangerous wet floor conditions on the Premises;

v.  failing to implement and/or enforce reasonable and proper safety measures for the Premises with respect to foreseeable slip and fall hazards and dangerous wet floor conditions;

w.  failing to implement and/or enforce necessary and appropriate maintenance, safety and/or inspection policies and procedures to ensure that dangerous wet floor conditions would not exist and remain on the Premises; and/or

x.  upon information and belief, discovery may reveal that Defendants failed to fulfill their obligations under written agreements with respect to the maintenance, repair, upkeep, care and/or inspection of the Premises. Said agreements are not in Plaintiff's possession at present and therefore cannot be attached hereto but, upon information and belief, further discovery in this matter may reveal any such written agreements in the possession of Defendants, should they be found to exist.

46.  As a direct, factual, legal and proximate result of Defendants' causal negligence, as set forth in paragraph 45 (a.) – (x.), *supra*, Plaintiff suffered the injuries set forth in paragraph 37 (a.) – (pp.), *supra*, as well as the damages and losses set forth in paragraph 41 (a.) – (i.), *supra*, and required the care and treatment set forth in paragraph 38 (a.) – (o.), *supra*.

WHEREFORE, Plaintiff, Thomas Sesso, respectfully requests judgment in his favor against Defendants, Kalahari Management Co., LLC; Kalahari Resorts PA, LLC; Kalahari Resorts, LLC; Kalahari Development, LLC; KR Acquisitions, LLC; Kalahari Holdings, LLC; Kalahari Management Co. a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; Kalahari Resorts PA, LLC a/k/a d/b/a t/a

Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort: Kalahari Resorts. LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort: Kalahari Development, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; KR Acquisitions, LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort; and Kalahari Holdings. LLC a/k/a d/b/a t/a Kalahari Resorts & Conventions a/k/a d/b/a t/a Kalahari Resorts a/k/a d/b/a t/a Kalahari Resort, for damages in excess of $50,000.00 with interest, costs and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

LENAHAN & DEMPSEY, P.C.

By: _____
Timothy G. Lenahan, Esquire

By: _____
John R. Lenahan, III, Esquire

Attorneys for Plaintiff

Lenahan & Dempsey Professional Building
116 N. Washington Ave., Suite 400
P.O. Box 234
Scranton, PA 18501-0234
Telephone:  (570) 346-2097
Facsimile:  (570) 346-1174

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Timothy G. Lenahan, Esquire

Signature:

Attorney No.:    33939

24

## VERIFICATION

I, Thomas Sesso, hereby verify that the foregoing Complaint is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit;  that the language of the Complaint is that of counsel and not of signer; that the Complaint, subject to inadvertent or undiscovered errors, is based upon and therefore limited by the records and information still in existence, presently recollected and thus far discovered in the preparation of this Complaint and the defense of this case; to the extent that the contents of the pleadings are that of counsel, the undersigned has relied upon counsel in making this verification; that subject to the limitations set forth herein, the averments of the Complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S., Section 4904, relating to unsworn falsification to authorities.

Thomas Sesso

Dated: MAY 2 2022